UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LEONARD LOPEZ, *family member of Herby Serrano*,

                      Plaintiff,

v.

BAYVIEW LOAN SERVICING and BANK OF AMERICA,

                      Defendants.

**MEMORANDUM & ORDER**
16-CV-1459 (MKB) (LB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff, proceeding *pro se* on behalf of his deceased family member, Herby Serrano, commenced this action on March 24, 2016, against Defendants Bayview Loan Servicing ("Bayview") and Bank of America. (Compl, Docket Entry No. 1.) By report and recommendation dated September 7, 2016 (the "R&R"), Judge Lois Bloom recommended that the Court dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff had failed to serve Defendants. (R&R 1, Docket Entry No. 8.) For the reasons discussed below, the Court adopts the R&R in its entirety and dismisses the Complaint.

**I. Background**

Plaintiff alleges that Serrano's mortgage was paid in full by Serrano's life insurance policy. (Compl. 2.)[1] Nevertheless, Bank of America foreclosed on the property secured by the mortgage. (*Id.* at 2.) Plaintiff asserts that Serrano's family offered two separate $100,000 cashier's checks to Bayview to allow a family member to assume the loan, but the offer was not

---

[1] Because the Complaint is not consecutively paginated, the Court's citations refer to the page numbers assigned by the electronic document filing ("ECF") system.

accepted. (*Id.*) Plaintiff does not allege the nature of his relationship to Serrano but attaches to the Complaint an executed power of attorney designation which granted Plaintiff limited durable power of attorney. (*Id.* 7–10.) Plaintiff requests relief from the "fraud foreclosure" and the "fraud liens" on Serrano's property, and seeks damages of $999,000. (*Id.* at 3.)

After Plaintiff filed the Complaint, Judge Bloom directed Plaintiff to file proof of service or to show good cause why service had not been affected by June 22, 2016. (Order dated May 18, 2015, Docket Entry No. 4; R&R 1.) Judge Bloom thereafter extended the deadline for Plaintiff to file proof of service until July 29, 2016. (Order dated July 5, 2016, Docket Entry No. 7; R&R 1.) Plaintiff failed to respond to either order. (R&R 1.) Judge Bloom then issued the R&R, recommending that the action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure Rule 4(m) for failure to file proof of service or show good cause why service was not timely effected. (*Id.*)

On September 23, 2016, Plaintiff objected to the R&R. (Pl. Obj. to the R&R ("Pl. Obj."), Docket Entry No. 9.) Plaintiff argues that he served Defendants by "correct copy via US Mail, US Mail certified, Federal Express" and in person "at 4425 Ponce De Leon Blvd. #5 Coral Gables FL 33146." (Pl. Obj. 1.) Plaintiff attaches to his objection a New York Civil Court Affidavit of Service, which indicates that Plaintiff and Gary Bowen served Debbie Cetey in person and by mail at Bayview's address in Florida. (Aff. of Service, Docket Entry No. 9-1.)

**II. Discussion**

    **a. Standard of review**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and

recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

### b. Plaintiff failed to adequately serve process on the Defendants

The Federal Rules of Civil Procedure require that if a defendant is not served with process within ninety days after the complaint is filed, the court, either on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m); *see also Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (affirming a district court's dismissal of a defendant under Rule 4(m) where the defendant had not been served and the plaintiff was given notice and opportunity to show cause).

A corporation may be served either by "following state law" or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent

authorized by appointment or by law to receive service of process."[2] Fed. R. Civ. P. 4(h) (referencing Fed. R. Civ. P. 4(e)(1)). New York law authorizes two traditional methods of serving process on a corporation: either by serving the New York Secretary of State, who then forwards a copy to the address it has on file for the corporation, N.Y. Bus. Corp. Law § 306(b)(1), or by personally delivering the summons to an "officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service," N.Y. C.P.L.R. § 311(a)(1). Section 311(a)'s official commentary explains that "[a] managing agent or general agent is one who is empowered with supervisory authority and possesses judgment and discretion to take action on behalf of the corporation." N.Y. C.P.L.R. § 311 (Official Commentary C311:1); *see also Cooney v. Barry Sch. Of Law*, 994 F. Supp. 2d 268, 270 (E.D.N.Y. 2014). New York law also authorizes an alternative method of service by first class mail and acknowledgement of receipt of service as specified by statute. N.Y. C.P.L.R. § 312-a(a). This alternative method of service is deemed complete on the date the signed acknowledgment is mailed by the defendant. N.Y. C.P.L.R. § 312-a(b); *Obot v. Citibank S.D., N.A.*, 347 F. App'x 658, 660 (2d Cir. 2009) ("Service under [section 312-a] is not complete until the signed acknowledgment of receipt is mailed back to the sender.").

Here, Plaintiff does not allege facts sufficient to satisfy proof of service on Defendants. Plaintiff does not provide any proof of service on Defendant Bank of America. As to Bayview, the proof of service provided does not indicate whether Cetey is an individual authorized to accept service on Bayview's behalf under Rule 4(h) or New York state law. Nor does Plaintiff allege that the mailing to Bayview included an acknowledgment that an authorized employee of

---

[2] Service must be completed by an individual who is at least eighteen years old and not a party to the litigation. Fed. R. Civ. P. 4(c)(2).

Bayview signed and returned to Plaintiff. Accordingly, the Complaint is dismissed against Bank of America and Bayview because Plaintiff does not allege that service comported with the requirements of Federal Rule of Civil Procedure 4(h). *See Obot*, 347 F. App'x at 660 (affirming dismissal for failure to properly serve corporate defendant); *Meilleur*, 682 F.3d at 61. Because Plaintiff attempted to serve Bayview, the Court grants Plaintiff thirty days from the date of this Memorandum and Order to provide information to the Court that the service on Cetey at Bayview on June 23, 2016 complied with the requirements of service of a corporation. However, even if Plaintiff is able to show that the service was proper, in order to proceed with this action Plaintiff also must obtain legal representation because he cannot prosecute this action on behalf of his deceased family member without legal representation.

    **c. Plaintiff cannot prosecute this action *pro se***

Section 1654 of title 28 of the United States Code guarantees the right to proceed *pro se* in civil actions. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). However, the right to appear *pro se* is qualified. A person who has not been admitted to the practice of law may not represent anyone other than himself. *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (noting that section 1654 "does not permit unlicensed laymen to represent anyone else other than themselves." (citation and internal quotation marks omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (holding that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause . . . [but] must be litigating an interest personal to him"); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A] person ordinarily may not appear pro se in the cause of another person or entity.").

"[A]n administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant." *See Pridgen*, 113 F.3d at 393. However, if the administrator is the sole beneficiary and creditor of the estate, he may proceed *pro se* on the estate's behalf. *See Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("[T]he administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate.").

Here, Plaintiff does not allege any personal interest in the subject of the litigation or that he is the administrator of Serrano's estate, the estate's sole beneficiary or that the estate does not have any creditors,[3] and, accordingly, Plaintiff may not prosecute the action *pro se*.[4] *See Orvieto v. United States*, No. 8-CV-01, 2008 WL 4424374, at *2 (E.D.N.Y. Sept. 29, 2008) (dismissing an action prosecuted *pro se* on behalf of the plaintiff's father's estate for failure to obtain counsel where he did not establish that there were no other creditors of the estate and the court had issued the plaintiff several warnings to obtain counsel) (adopting report and recommendation); *Diamantis v. Judd-Falk, Inc.*, 125 F.R.D. 396, 398 (S.D.N.Y. 1989) (finding the executrix of the estate could not proceed *pro se* on behalf of the estate); *cf. Guest*, 603 F.3d at 21 (finding that a father could proceed *pro se* as the administrator of his daughter's estate where the only other beneficiary, his wife, had disclaimed all of her legal rights to the estate and the estate had no creditors).

---

[3] The allegations in the Complaint establish that Bank of America, as Serrano's mortgagee, is a creditor of the estate, and Plaintiff thus cannot allege the estate has no creditors.

[4] Plaintiff's position as the holder of power of attorney for Serrano terminated at Serrano's death and accordingly is not a basis for Plaintiff to pursue this action. N.Y. Gen. Oblig. Law § 5-1511 (stating that "a power of attorney terminates when . . . the principal dies"); *Heath v. Banks*, No. 15-CV-4228, 2016 WL 5716817, at *4 (E.D.N.Y. Sept. 30, 2016) (finding a power of attorney did not provide standing to sue on behalf of a deceased because any rights to proceed on the deceased's behalf terminated at death).

Accordingly, Plaintiff may not prosecute this action proceeding *pro se*. However, the Court grants Plaintiff thirty days to show his authority to proceed on behalf of Serrano's estate and to obtain counsel. *See, e.g.*, *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 302 n.4 (E.D.N.Y. 2009) (noting that although dismissal is proper when a *pro se* plaintiff seeks to represent a corporation, "some courts have permitted the corporate entity additional time to obtain counsel in lieu of a dismissal with prejudice"); *Jelks v. Lutheran (Wartburg) Nursing Home*, No. 6-CV-5093, 2006 WL 3335097, at *2 (E.D.N.Y. Oct. 12, 2006) (allowing a plaintiff proceeding *pro se* on behalf of his deceased's aunt thirty days to obtain counsel).

### III. Conclusion

For the foregoing reasons, the Court adopts the R&R in its entirety and dismisses the Complaint. The Court grants Plaintiff thirty days to show that service of Bayview satisfied the requirements of service of process on a corporation but, even if service on Bayview was proper, Plaintiff may not proceed with the action unless he has authority to proceed on behalf of Serrano's estate and obtains counsel. The Clerk of Court is directed to dismiss the action in thirty days unless Plaintiff shows proper service of process on Bayview and also obtains counsel.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 27, 2017
      Brooklyn, New York